**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GODWIN PUMPS OF AMERICA, INC.,

    Plaintiff,

v.                                                 Case No. 8:11-cv-00580-T-24-AEP

MACKEY LEE RAMER,

    Defendant.

_____/

## ORDER

This cause comes before the Court on Defendant Mackey Lee Ramer's ("Ramer") Motion to Dismiss Count III and Count IV of the Complaint. (Doc. No. 11). Plaintiff Godwin Pumps of America, Inc. ("Godwin") opposes this Motion. (Doc. No. 14).

**I.    Background**

Godwin brings this action for breach of contract (Count I), violation of the Florida Uniform Trade Secrets Act (Count II), tortious interference with contractual relations (Count III), and unjust enrichment (Count IV), in connection with Ramer's resignation from Godwin and subsequent employment with National Pump and Compressor, Inc. ("NPC"). Godwin alleges the following in its complaint: Ramer, as a requirement of his employment with Godwin, signed a Confidentiality and Non-Competition Agreement (the "Agreement"). (Doc. No. 1-1). Among the provisions of the Agreement, Godwin employees are required to (1) protect confidential information (identities of customers and their key points of contact, contents of bids, pricing policies, etc.); (2) return all confidential information to Godwin upon leaving Godwin's employ; and for a period of two years after leaving Godwin, (3) refrain from working for

employers competing with Godwin, (4) refrain from soliciting current or prospective Godwin customers on behalf of competitors, and (5) refrain from soliciting, hiring, or retaining Godwin employees. (Doc. No. 1-1, ¶¶ 1.1-1.3, 2.1-2.3).

Godwin alleges that Ramer breached the Agreement when he voluntarily resigned from Godwin and became employed by NPC, Godwin's competitor in the pumping industry. Godwin further claims that Ramer breached the Agreement because: Ramer used Godwin's confidential customer and bidding information on behalf of NPC. (Doc. No. 1, ¶¶ 41, 45-46). He did not return all confidential, proprietary, and trade secret information belonging to Godwin when he left the company. (Doc. No. 1, ¶¶ 38-40). Within two weeks of leaving Godwin, Ramer solicited a Godwin employee to leave Godwin and work for NPC. (Doc. No. 1, ¶ 42). Finally, within a month of leaving Godwin, Ramer was present at a meeting at which NPC attempted to solicit a current Godwin customer, the Mosaic Company, away from Godwin for the benefit of NPC. (Doc. No. 1, ¶ 44).

## II.     Standard of Review

Decisions on motions to dismiss require the district court to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000) (citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). As such, a plaintiff is required to allege "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. Of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## III. Motion to Dismiss

Ramer moves to dismiss Counts III and IV of the Complaint. Accordingly, the Court will analyze Ramer's argument regarding each count.

### A. Tortious Interference with Contractual Relations

In Count III, Godwin alleges that Ramer interfered with its contractual relationships with third parties by attempting to solicit those parties' business for NPC. There are four elements that a claimant must plead to state a claim for tortious interference under Florida law: (1) the existence of a business relationship under which the plaintiff has legal rights, (2) proof of the defendant's knowledge of that relationship, (3) intentional and unjustified interference with the relationship by the defendant, and (4) damage to the plaintiff as a result of the interference. Hodges v. Buzzeo, 193 F. Supp. 2d 1279, 1284 (M.D. Fla. 2002) (citing Nautica Int'l. v. Intermarine USA, L.P., 5 F. Supp. 2d 1333, 1344 (S.D. Fla.1998). Godwin alleges all four elements.

Ramer argues that Godwin's claim for tortious interference is barred by the economic loss rule. "The economic loss rule is a judicially created doctrine that sets forth the

circumstances under which a tort action is prohibited if the only damages suffered are economic losses." Indem. Ins. Co. of N. Am. v. Am. Aviation, Inc., 891 So. 2d 532, 536 (Fla. 2004). As it relates to parties in contractual privity, the economic loss rule is designed to prevent parties to a contract from circumventing the allocation of losses set forth in a contract by bringing an action for economic loss in tort. Id. There are exceptions to this rule for certain intentional torts, including intentional interference. Id. at 543 n.3. Those exceptions, however, are independent torts that require proof of facts distinct from the allegations of breach of contract. HTP, Ltd., v. Lineas Aereas Costariccenses, S.A., 685 So. 2d 1238, 1239 (Fla. 1996). Where parties are in contractual privity, and a claim for tort simply restates a claim for breach of contract, the tort claim is barred. Eclipse Med., Inc. v. Hydro-Surgical Instruments, Inc., 262 F. Supp. 2d 1334, 1354 (S.D. Fla. 1999), aff'd, 235 F.3d 1344 (11th Cir. 2000).

In the instant case, Ramer argues that Godwin's claim for tortious interference with contractual relations is barred by the economic loss rule because Godwin is seeking recovery for the same actions arising out of the alleged breach of contract claim. The Court agrees. First, the tortious interference claim relies on the same facts as Godwin's claim for breach of contract. Both claims allege Ramer's knowledge of and contact with Godwin's customers. (Doc. No. 1, ¶¶ 29-30, 58-59). Both claims also allege Ramer's solicitation of Godwin customers, including the Mosaic Company. (Doc. No. 1, ¶¶ 43-45, 60-61). There are no facts distinct from the breach of contract claim required for the tortious interference claim. Eclipse Med. Inc., 262 F. Supp. 2d at 1354. Second, in the Agreement, Godwin bargained with Ramer to prevent Ramer from soliciting Godwin customers if he left the company. (Doc. No. 1-1, ¶ 2.2). The Agreement, which was attached to Godwin's complaint, states that Godwin would have contractual remedies

in the event that Ramer breached the Agreement. (Doc. No. 1-1, ¶ 3.1). To allow this tort claim to proceed would defeat the Florida courts' interest in preventing parties to a contract from "seeking to obtain a better bargain than originally made." Indem. Ins. Co., 891 So. 2d at 536. Accordingly, the Court finds that Count III is barred by the economic loss rule.

  B.  Unjust Enrichment

  In Count IV, Godwin alleges that Ramer was unjustly enriched when he benefitted from confidential information for which he did not pay. To succeed on a claim for unjust enrichment, a plaintiff must show: (1) it conferred a benefit on the defendant of which the defendant is aware, (2) the defendant voluntarily accepted and retained the benefit conferred, and (3) the circumstances would make it inequitable for the defendant to retain the benefit without paying for it. Nova Info. Sys., Inc. v. Greenwich Ins. Co., 365 F.3d 996, 1006-07 (11th Cir. 2004). Godwin alleges all three elements.

  Ramer argues that Godwin's unjust enrichment claim must be dismissed because the allegations are again contained within the subject matter of the Agreement. (Doc. No. 11 at 3-4). "A claim for the equitable remedy of unjust enrichment may not be brought if the parties have a valid contract covering the same subject matter as the unjust enrichment claim." Rushing v. Wells Fargo Bank, N.A., 752 F. Supp. 2d 1254, 1265 (M.D. Fla. 2010); see also Restrepo v. Wells Fargo Bank, N.A., 2010 WL 374771, at *3 (S.D. Fla. Feb 3, 2010) (dismissing an unjust enrichment claim with prejudice and noting the plaintiff alleged and attached an express contract to the complaint); Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1369 (S.D. Fla. 2007) (holding that a quasi-contractual claim of unjust enrichment fails upon a showing that an express contract exists).

In its response in opposition, Godwin states that it is premature to dismiss the unjust enrichment claim before the express contract is proven. Godwin cites Thunderwave, Inc. v. Carnival Corp., 954 F. Supp. 1562, 1565-66 (S.D. Fla. 1997), in support of its argument that Florida law allows a party to simultaneously allege the existence of an express contract and to seek equitable relief under unjust enrichment. In Thunderwave, however, the court permitted the plaintiff to simultaneously allege the existence of an oral contract that the defendant denied existed and to seek equitable relief under the theory of unjust enrichment. Id. at 566. Here, Godwin attached the Agreement to its complaint and Ramer acknowledges the existence of that Agreement in his motion to dismiss.[1] (Doc. No. 11 at 3). Rule 8 of the Federal Rules of Civil Procedure permits alternative pleading, however, "an unjust enrichment claim can only be pled in the alternative if one or more parties contest the existence of an express contract governing the subject of the dispute." Zarrella v. Pac. Life Ins. Co., 755 F. Supp. 2d 1218, 1227 (S.D. Fla. 2010) (quoting In re Managed Care Litig., 185 F. Supp. 2d 1310, 1337–38 (S.D. Fla. 2002). Here, because the parties are "governed by an express contract covering the same subject matter as the unjust enrichment claim," Rushing, 752 F. Supp. 2d at 1265, and because neither party contests the existence of the Agreement, the unjust enrichment claim must be dismissed.

**IV. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Ramer's Motion to Dismiss Count III and Count IV of the Complaint (Doc. No. 11) is GRANTED.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of June, 2011.

---

[1] In his motion to dismiss, Ramer states "Ramer and Plaintiff are not only in contractual privity with respect to the Agreement, but Plaintiff is specifically seeking recovery for the same subject matter arising out of the alleged breach of contract." (Doc. No. 11 at 3).

Copies to:
Counsel of Record

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge